LAURENTINO RODRÍGUEZ ARVELO, Appellant, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 1180. Submitted January 15, 1946.—Decided February 7, 1946.

*Buenaventura Esteves* for appellant.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

Laurentino Rodríguez Arvelo instituted proceedings to establish a dominion title to a property recorded in the names of Paulino Rodríguez and his wife, Benicia Arvelo, and alleged that he had acquired it by purchase from them, that the conveyance executed for that purpose was not recordable, and that both vendors had died. After an order had been rendered declaring the ownership to have been established and

directing the recording thereof in the registry, together with the cancellation of the conflicting entry involved, the registrar denied such recording "on the ground that the record ordered to be canceled is a dominion title entry and from the proceedings it does not appear that the person whose right is recorded has been heard. . . ."

From the registrar's refusal Rodríguez Arvelo has appealed and he calls our attention to the fact that the order shows that the heirs of Paulino Rodríguez and Benicia Arvelo, both deceased, were summoned by publication; and he insists that such summons is sufficient, without it being necessary, as claimed by the registrar, that they be actually *heard* in addition to being *summoned*.

■■ The distinction between summoning and hearing, in dominion title proceedings, persons in whose names there are recorded entries in conflict with the ownership of the petitioner, made its appearance in Puerto Rico in *Canino* v. *Registrar*, 31 P.R.R. 413, when a majority of this court, two judges dissenting, adopted the doctrine set forth by Morell in his commentaries on the Spanish Mortgage Law (5 Morell 540), to the effect that a dominion title order may direct the cancellation of a conflicting entry in the registry, it being sufficient for this purpose, if the entry is one of possession, to *summon* the record owner, but if the conflicting entry is one of dominion, it is indispensable to *hear* such owner.

The commentary of Morell which is quoted in *Canino* v. *Registrar, supra,* merely paraphrases Article 503 of the Spanish Mortgage Law Regulations, which has never been in force in Puerto Rico. The requirement as to *hearing* the record owner of a dominion title who has been summoned, when the mere *summoning* of the record owner of a possessory title is sufficient, has been severely criticized in Spain. 2 Beraud y Fernández, *Derecho Inmobiliario,* 528 *et seq.* We fail to see any reason for adopting such a distinction in Puerto Rico, in the absence of express legislation. If the summoning of

the person in whose name a conflicting entry of possession appears, in a dominion title proceeding, is a sufficient guaranty to justify the cancellation of that entry, it should also be sufficient where the entry is one of dominion. If the mere summoning of the record owner of a conflicting dominion title, in a proceeding to establish ownership, is not regarded as affording him an adequate opportunity to defend his recorded title, neither can the opportunity afforded by such summons to the record owner of a possessory title be regarded as adequate.

Le us therefore now turn to consider whether the summoning of the record owner of a conflicting title, either dominion or possessory, is sufficient to order its cancellation within a proceeding to establish ownership.

If we examine § 395 of our Mortgage Law, which deals with dominion title proceedings, we find that, unlike § 393 which treats of possessory title proceedings, it does not authorize the cancellation of conflicting entries. This being so, and since it is provided by § 82 of the Law that no record shall be canceled unless consent thereto is given by the person in whose favor it lawfully appears or by virtue of a final order, and by § 20, that no interest shall be recorded if the same is already recorded in the name of a person other than the transferor, we have repeatedly held that a dominion title order is not recordable when there is a prior conflicting record in favor of a person who, although summoned, has not consented to the cancellation nor been defeated after a hearing in court. *Rotger* v. *Registrar*, 28 P.R.R. 856; *Succn. of Medina* v. *Registrar*, 27 P.R.R. 188; *Toro* v. *Registrar*, 25 P.R.R. 438; *P. R. Leaf Tobacco Co.* v. *Registrar*, 17 P.R.R. 215; *Soto* v. *Registrar*, 15 P.R.R. 597; and *Ginorio* v. *Registrador*, 1 *D.P.R.* 312, 2 *S.T.S.* 579.

It is true that in *Canino* v. *Registrar*, *supra*, we deviated from the rule which had been firmly established by the above-

cited decisions; but, as we have seen, the *Camino* case rests on the erroneous basis of a Spanish statute which has no equivalent in Puerto Rico.

Subsequently, in *Bermúdez* v. *Morales,* 42 P.R.R. 411, it was held that it was proper to cancel a conflicting record within a dominion title proceeding wherein the record owner appeared, opposed the cancellation, and was defeated after a hearing. In that case the proceeding to establish ownership lost its *ex parte* character and became a contested proceeding or, as we then said: "The . . . proceeding was thus converted into a contested action." *Bermúdez* v. *Morales, supra,* p. 412. Therefore, the cancellation of the record lay, not under § 395 of the Mortgage Law, but rather under § 83, which permits the cancellation of any record by virtue of an order of a court in a contested action.

Recently in *Pagán* v. *Registrar,* 62 P.R.R. 570, a registrar denied the recording of an order sustaining a dominion title proceeding and directing the cancellation of a conflicting record, and we reversed the registrar's decision; but in that case the registrar had only objected to the form of the summons served on the record owner of the conflicting title and our holding was therefore confined to that particular.

Having discarded the case of *Camino* v. *Registrar, supra,* for the reasons already cited, we find that in Puerto Rico the cancellation of a conflicting record in a dominion title proceeding does not lie unless the record owner consents thereto or unless he is heard and defeated in court, upon objecting to the relief sought by the petitioner. Hence, in the case at bar, the registrar acted correctly in denying the recording on the ground that the persons in whose names the conflicting record appears, or their heirs, had not been heard.

It might be argued that if in a possessory title proceeding the cancellation of a conflicting record is proper after summoning the interested parties, it would seem unreasonable to hold that the same thing can not be done in a dominion title

618

proceeding. To that objection we can only say that §§ 393 and 395 of the Mortgage Law clearly show the intention of the Spanish lawmaker who enacted that Law for Puerto Rico to distinguish between the two proceeding.[1] Indeed, the Spanish lawmaker always sought to distinguish between possessory and dominion title proceedings in so far as the problem of conflicting records is concerned. The Spanish Mortgage Law of 1861 granted to those who lacked a recordable title the right to resort to possessory title proceedings only, and it authorized the cancellation of conflicting records within those proceedings. In 1869, the proceedings to establish ownership were authorized for the first time, but contrary to what had been done in the possessory title proceedings, no provision was made therein for the cancellation of conflicting records. Afterwards, in 1909, the cancellation of conflicting records within possessory title proceedings was prohibited and it was provided by § 393 of the Spanish Law, that if any conflicting records existed the proceedings should be dismissed "and the interested party may, if he deems it advisable, establish his ownership through the proceeding authorized by Sec. 400 of this law." Said § 400 determines the procedure for dominion title proceedings. It is very similar to § 395 of our Law; but it is supplemented by Article 503 of the new Spanish Regulations, which, as we have already seen, has no equivalent in Puerto Rico, and which, although it permits the cancellation of a conflicting entry of possession upon a prior summoning of the interested party, does not allow the cancellation of a conflicting entry of dominion without the interested party having been actually heard. For a better understanding of the development of the Spanish legislation and of the slight faith placed in Spain upon the mere

---

[1] The same distinction appears in the Mortgage Law of Cuba. The Cuban Law has been construed in the sense of not permitting the cancellation of conflicting records in a dominion title proceeding. 2 Martínez Escobar, *Las Inscripciones*, p. 60 *et seq.*

summons made within an *ex parte* proceeding, we quote the following excerpts from the decision of the Spanish General Directorate of Registries of October 11, 1915:

"Both because of the place it filled in the reformed Mortgage Law of 1869 and because it involved a right granted to an owner who lacked a written dominion title, the proceeding to establish ownership was not applicable to rights and interests the ownership of which might appear recorded in the registry, for which reason Sec. 404 of that Law (now Sec. 400) neither foresaw cases of conflicting records nor directed the summoning of the record owner, according to the registry, nor granted any special cancelling force to the judicial order terminating said proceeding.

"The summary character of said proceeding, far from offering the guaranties which a contested action affords in connection with the holding, issues, evidence, and determination of a trial, would be a constant threat to every owner who, although having his interests duly recorded and relying on the notice-giving effect of the registry, might be deprived of his property without being heard, or after an urgent summons which would not permit him to prepare his evidence nor controvert evidence framed by the petitioner, against whom he could hardly enforce the liability resulting form the bringing, by a legitimate adversary, of a baseless or obstinate suit.

"The Section under discussion has been derived, with slight variations, from Section 29 of the Bill which was recommended, on April 11, 1864, by the Code Commission to the Minister of Grace and Justice, and in the preamble of which it was textually said: 'There have always existed means of *bringing this property into the Registry* by recording the ownership thereof, although up to now they have not been embodied in any special law.'

"In a like spirit was reported the Royal Decree of February 10, 1875, permitting the owners *who lacked a written title* to record their ownership acquired subsequent to January 1, 1863.

"According to the provisions of Section 24 of the Law in force, no action which is in conflict with the ownership of real property recorded in the name of another person, may be brought unless a prior or simultaneous suit is instituted to annul or cancel the record of such ownership, which suit must be based on the grounds specifically mentioned in said Law, to be binding upon third persons; and this provision, which, together with the corresponding provisions of Section 41, has been enacted in order to give full effectiveness to regis-

trations, has been ignored or overlooked, jointly with Sections 82 and 83, in the judicial proceeding instituted by Don Francisco Fullá y Gascón.

"Whatever the effect of the declaration of ownership upon a recorded possession, whether to corroborate and strengthen it, as in the second case mentioned in Section 399, or to contradict or cancel it according to the rule set forth in Section 393 of the Mortgage Law, amplified by the second paragraph of Article 503 of the new Regulations, it is indisputable that the proceeding which gave rise to this appeal, and in which Don José Cendra Dalmases did not appear, either personally or through a representative, lacks effectiveness to destroy, annul, or cancel the registration effected in his name."

█ From the foregoing brief summary of the historical development of the Spanish mortgage legislation in relation to the problem created by the existence of conflicting entries in proceedings to establish possessory title or ownership, it may be seen that the task of rendering uniform—if uniformity be desired—in both kinds of proceedings, the rule as to permitting, or not permitting, the cancellation of conflicting records through the summoning of the interested parties, is not judicial but legislative in character. So long as our statute distinguishes between the two kinds of proceedings, we cannot disregard the distinction.

For the reasons stated the decision appealed from should be affirmed.